

**DEAN LINDSAY CHAPMAN, JR.**
+1 212.872.8095/fax: +1 212.872.1002
dchapman@akingump.com

June 30, 2020

VIA ELECTRONIC COURT FILING

Hon. Robert D. Drain
U.S. Bankruptcy Court for the Southern District
of New York
300 Quarropas Street
White Plains, NY 10601

    Re:    *Sears Holdings Corp., et al. v. Lampert, et al.*, Case No. 19-08250 (RDD) (Bankr. S.D.N.Y.) (the "Adversary Proceeding")

Dear Judge Drain:

    We write on behalf of the plaintiffs ("Plaintiffs") in the above-captioned Adversary Proceeding. Following the pre-trial conference conducted by the Court on June 9, 2020 (the "Conference"), Plaintiffs and Defendants to the Adversary Proceeding successfully resolved nearly all open disputes regarding Plaintiffs' outstanding document requests. Indeed, Plaintiffs and the Defendants successfully resolved objections to hundreds of document requests, and Plaintiffs reached agreement as to search parameters (search terms, custodians, and date ranges) with all but one Defendant, and Plaintiffs do not foresee that disagreement requiring Court intervention.

    However, despite extensive meet and confer efforts, a discovery dispute remains with the Fairholme Defendants (Fairholme Capital Management, LLC ("Fairholme Capital"), Fairholme Funds ("Fairholme Funds"), and Bruce Berkowitz ("Berkowitz")). The Fairholme Defendants refuse on relevance grounds to produce documents in response to four document requests served by Plaintiffs (the "Document Requests"). The Parties remain at an impasse even though Plaintiffs have revised the relevant Document Requests to address the Fairholme Defendants' objections. Accordingly, pursuant to Rule 7007-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York and Your Honor's individual rules, Plaintiffs respectfully request a telephonic conference with Chambers to resolve this discovery dispute.

    As alleged in the First Amended Complaint (the "FAC") (ECF No. 52), Fairholme Capital held between 15% and 30% of Sears Holdings's ("Sears") stock at all relevant times and was part of a control group of shareholders that held between 65% and 80% of Sears's stock at the time of each of the transactions that are the subject of the FAC (the "Related-Party Transactions"). *See* FAC ¶ 6. Berkowitz, Fairholme Funds's founder and president, and Cesar Alvarez, a director of Fairholme Funds, were both directors of Sears at various times and approved many of the Related-



Hon. Robert D. Drain
U.S. Bankruptcy Court for the Southern District of New York
June 30, 2020
Page 2

Party Transactions at issue in this Adversary Proceeding. *See* FAC ¶ 7. The Related-Party Transactions were designed to transfer billions of dollars in value out of the Sears enterprise and to its shareholders, chief among them Fairholme Capital. *See* FAC ¶¶ 1–2.

The process by which the Related-Party Transactions were developed and approved is a major source of contention in the Adversary Proceeding and is relevant to the instant dispute for at least two reasons. First, various defendants contend that several of the directors on the Sears Holdings Board of Directors (the "Directors") who approved the Related-Party Transactions were "independent" or "outside" directors free of conflicts and thus cannot be alleged to have breached their duty of loyalty when they approved and/or facilitated the Related-Party Transactions. The officer defendants (the "Officers") make similar such arguments. Second, the Fairholme Defendants dispute that Fairholme Capital was part of a control group, an issue that is pivotal to its liability on Counts 5, 18 and 28 for breach of fiduciary duty against the controlling shareholders.

Plaintiffs have the right to explore these contentions in discovery and establish if in fact any of Sears's Directors and Officers were independent and disinterested (as defendants claim), and whether Fairholme Capital worked as part of a control group with the ESL Defendants and Tisch (collectively, the "Controlling Insider Shareholders"). Case law establishes that financial, business, social, and/or philanthropic ties between investors and/or directors are relevant to these issues. Thus, Plaintiffs issued the following Document Requests to the Fairholme Defendants:

> Fairholme Request No. 9 and Berkowitz Request No. 7: "All Documents or Communications concerning any financial, business, social, and/or philanthropic relationships between or among any members of the Sears Holdings Board or their family members, including Documents and Communications concerning the provision or receipt of gifts or donations with respect to such relationships."

> Fairholme Request No. 10 and Berkowitz Request No. 8: "All Documents or Communications concerning any financial, business, social, and/or philanthropic relationships between or among any members of the Sears Holdings Board and Sears Officers or shareholders of Sears, or any family members of such persons, including Documents and Communications concerning the provision or receipt of gifts or donations with respect to such relationships."



Hon. Robert D. Drain
U.S. Bankruptcy Court for the Southern District of New York
June 30, 2020
Page 3

These Document Requests seek information about the relationships between and among Sears's Controlling Insider Shareholders, Directors and Officers outside of Sears that is directly relevant to the questions of loyalty and control group liability.  *See*, *e.g.*, *Park Employees' & Ret. Bd. Employees' Annuity & Benefit Fund of Chicago on behalf of BioScrip, Inc. v. Smith*, C.A. No. 11000-VCG, 2017 WL 1382597, at *10 (Del. Ch. Apr. 18, 2017) (citing *Sandys v. Pincus*, 152 A.3d 124 (Del. 2016) ("[W]hen evaluating director independence, personal relationships do matter."); *see also In re Hansen Medical, Inc. Stockholders Litig.*, C.A. No. 12316-VCMR, 2018 WL 3030808, at *7 (Del. Ch. June 18, 2018) (noting that the defendants' "twenty-one year coordinated investing history[] ma[d]e it reasonably conceivable that [the defendants] functioned as a control group").

   For example, these Document Requests could uncover documents that reveal a purported independent director of Sears was actually a close friend of, was a business partner of, had received donations from, and/or was on the board of a company owned by a controlling shareholder or a conflicted director.  *See Delaware County Employees Retirement Fund v. Sanchez*, 124 A.3d 1017, 1022 (Del. 2015) (finding that a director lacked independence because of the alleged facts that he had been a close personal friend of the interested party for fifty years, and his and his brother's primary employment was with a company over which the interested party had substantial control); *In re Oracle Corporation Deriv. Litig.*, 824 A.2d 917, 942 (Del. Ch. 2003) (holding in a derivative action that certain directors' donations to a university that employed two members of a special committee caused a "reasonable doubt about the [Special Committee]'s ability to impartially consider whether [certain director defendants] should face suit").  Indeed, several other defendants, including the ESL Defendants, have agreed to produce documents responsive to these requests (if any exist), located by agreed-upon search parameters.

   In their responses and objections to the Document Requests, the Fairholme Defendants objected to these requests on multiple grounds and refused to produce documents.  During a subsequent conference, the Fairholme Defendants explained this was because the terms "business" and "financial" are broad and would capture many irrelevant documents related to (i) Sears day-to-day business and (ii) Fairholme day-to-day business involving Berkowitz and Alvarez.  In order to address the Fairholme Defendants' concerns, Plaintiffs propose to replace the requests at issue with a single request to each Fairholme Defendant reading as follows:

> All Documents and Communications concerning any financial, business, social, and/or philanthropic relationships between or among any Defendants in the Adversary Proceeding, and between



Hon. Robert D. Drain
U.S. Bankruptcy Court for the Southern District of New York
June 30, 2020
Page 4

>or among any Defendants in the Adversary Proceeding and their family members, including Documents and Communications concerning the provision, receipt, or solicitation of gifts, donations, or any other service or benefit, whether monetary or non-monetary, with respect to such relationships, excluding Documents and Communications concerning relationships that relate only to either (i) Sears-related business or (ii) Fairholme-related business involving only Berkowitz or Alvarez (the "<u>Modified Request</u>").

The Modified Request fully addresses the Fairholme Defendants' concern regarding relevance and breadth, as it excludes documents related solely to Sears-related matters or solely to Fairholme-related matters involving Berkowitz or Alvarez (which would not be informative as to ties to *other* shareholders and directors). Moreover, the Parties have already finalized the list of search parameters and thus identified the universe of documents the Fairholme Defendants will review, so the Fairholme Defendants cannot object to the request as overly burdensome.

Plaintiffs recently proposed a very similar request to the Modified Request, but the Fairholme Defendants rejected it and made the following counter-proposal:

>All Documents and Communications concerning or reflecting any actual or potential conflict of interest relating to the corporate governance of Sears and/or its affiliates between or among Defendants in the Adversary Proceeding and/or their family members, including Documents and Communications concerning the provision, receipt, or solicitation of gifts, donations, or any other service or benefit, whether monetary or non-monetary.

The Fairholme Defendants' counter-proposal is insufficient. The point of this discovery is not for the Fairholme Defendants to determine if, in their view, outside financial, business, social, or philanthropic relationships between and among Sears shareholders, Directors and Officers might constitute a conflict of interest and thereby limit their production accordingly. Rather, the point is for the Fairholme Defendants to produce the underlying documents that evidence any such financial, business, social, or philanthropic relationships and allow Plaintiffs (and, ultimately, the Court) to determine if any of them are sufficiently material as to support Plaintiffs' contention that Fairholme Capital was part of a controlling shareholder group or render certain purportedly disinterested Directors or Officers interested, disloyal, or otherwise conflicted in approving or facilitating a Related-Party Transaction.

19-08250-rdd    Doc 208    Filed 06/30/20    Entered 06/30/20 21:28:40    Main Document
Pg 5 of 5



Hon. Robert D. Drain
U.S. Bankruptcy Court for the Southern District of New York
June 30, 2020
Page 5

     Plaintiffs respectfully request a telephonic conference with Chambers as soon as possible to resolve this issue.

                        Sincerely,

                        /s/ *Dean Lindsay Chapman, Jr.*

                        Dean Lindsay Chapman, Jr.