

**DAVID M. ZENSKY**
+1 212.872.1075/fax: +1 212.872.1002
dzensky@akingump.com

July 16, 2020

VIA EMAIL AND ECF

The Honorable Judge Drain
United States Bankruptcy Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

  Re: *Sears Holdings Corp., et al. v. Lampert, et al.*, Case No. 19-08250 (RDD)
    (the "<u>Adversary Proceeding</u>")

Dear Judge Drain:

  On behalf of Plaintiffs in the above-captioned Adversary Proceeding, we write in response to the ESL Defendants' letter to the Court, dated July 14, 2020, concerning Judge Grossman's decision in *Holliday v. K Road Power Mgmt., LLC (In re Boston Generating LLC)*, Adv. Proc. No. 12-01879, 2020 WL 3286207 (Bankr. S.D.N.Y. June 18, 2020).

  With respect to Defendants' safe harbor defense, *Boston Generating* breaks no new ground and does nothing more than apply the Second Circuit's 2019 ruling in *Tribune*. More important, *Boston Generating* does not address in any way the main points raised by Plaintiffs in opposition to the Defendants' motions to dismiss, each of which is a sufficient basis to deny the motions notwithstanding *Tribune*. *See* Plaintiffs' Brief II in Opposition to Defendants' Motions to Dismiss Plaintiffs' Fraudulent Transfer, Illegal Dividend, Unjust Enrichment, Disallowance and Equitable Subordination Claims, Dkt. No. 164 (Apr. 30, 2020) ("Brief II"), at 24-45, 83-85.

  In *Boston Generating*, the debtors offered to repurchase $925 million of parent company LLC interests and outstanding warrants (plainly a securities contract) and hired Bank of New York ("BONY") (plainly a financial institution) to act as the depository to process the transaction, including by receiving the necessary funds from the debtors and transferring such funds to tendering unitholders/warrantholders in connection with the repurchase. No other entity—much less a non-bank entity—was retained to act in that role. 2020 WL 3286207 at *3-4. As such, the *Boston Generating* Trustee *conceded* that (i) the debtors were customers of BONY, which was acting as their agent, thereby making the debtors financial institutions, (ii) the transfers at issue to EBG's unitholders constituted settlement payments and were made in



The Honorable Judge Drain
July 16, 2020
Page 2

connection with a securities contract, and (iii) his constructive fraudulent transfer claim failed. *Id* at *32, 37.[1]

The current case presents a wholly different scenario. The Seritage Rights were gifted as simple one-way transfers of the Debtors' property and constituted neither a settlement payment nor a transfer in connection with a securities contract. *See* Brief II at 41-44. Nothing in *Boston Generating* suggests otherwise. Absent a settlement payment or transfer in connection with a securities contract, there can be no safe harbor defense, even if other aspects of the defense are present.[2]

Further, in *Boston Generating* there was no dispute of any kind as to what documents could be considered on the motion to dismiss, and the *evidence* as to how the transfers at issue were *actually processed* was in the record. *Id.* at *34, 36 (detailing evidence that showed that US Bank actually received the funds borrowed by the debtor and actually transferred the funds to BONY, and that BONY actually received transmittals from unitholders and thereafter paid them for their units).

In contrast, here there is a material dispute about which documents can be considered on Defendants' motions to dismiss. *See* Brief II at 32-35. Nothing in *Boston Generating* makes the Court's consideration of Defendants' documents appropriate at this stage. And even if these documents were properly introduced at this stage (they were not), the supposedly dispositive document is ambiguous, and there is no evidence in the record as to whether Computershare Trust Company N.A., as opposed to Computershare Inc. was intended to, or actually took, any of the actions relating to the transfer of the Seritage Rights that Defendants say suffice to create an

---

[1] The main safe harbor battle in *Boston Generating* involved a preliminary transfer of cash from one debtor (Boston Generating) to another (EBG), which was also held to be a transfer in connection with a securities contract (because of its connection to the tender offer) that was by or to a financial institution (because of the involvement of US Bank and BONY as agents for the transferor and/or transferee). *See* 2020 WL 3286207 at *31. No non-bank affiliate of US Bank or BONY was involved.

[2] In fact, if anything, *Boston Generating* supports Plaintiffs' argument that a one-way transfer to stockholders cannot be deemed a settlement payment. In addition to the unit and warrant repurchases, the Trustee sought to avoid a $35 million dividend distribution. *See* 2020 WL 3286207 at *38. The court acknowledged authority holding that the issuance of a dividend is not a "settlement payment" within section 546(e)'s protection. *Id.* (citing *In re Glob. Crossing, Ltd.*, 385 B.R. 52, 57 (Bankr. S.D.N.Y. 2008) ("The issuance of a dividend on stock previously purchased is not a payment for the purchase, sale or loan of securities.")). The dividend at issue in *Boston Generating* was found to be a settlement payment and a transfer in connection with a securities contract *only* because it was part and parcel of the tender offer, which all parties agreed constituted a securities contract. *Id.*




The Honorable Judge Drain
July 16, 2020
Page 3

agency relationship.  *See* Brief II at 35-39.  Absent consideration of the documents proffered by Defendants and absent evidence as to which Computershare entity did what, Defendants' motions lack any foundation and are premature.  Nothing in *Boston Generating* solves this evidentiary gap for Defendants.

The *Boston Generating* court went on to dismiss the Trustee's unjust enrichment claims on the grounds that (i) they were preempted by Section 546(e) (*see* 2020 WL 3286207 at *27) and (ii) they were duplicative of his fraudulent transfer claims (*see* 2020 WL 3286207 at *23-24).  With respect to the former, Plaintiffs acknowledge that a successful 546(e) defense would preclude recovery under an unjust enrichment theory for the same damages sought by the fraudulent transfer claims, i.e. the value of the Seritage Rights.  In this case, however, the relevant unjust enrichment claim (Count 22) seeks recovery of more than just the value of the Seritage Rights (including, for example, dividends paid by Seritage that were received by Defendants as a result of the Seritage Transaction), and no safe harbor defense has been raised with respect to those damages.  *See* Brief II at 44-45.

With respect to the latter, Bankruptcy Courts in the Second Circuit routinely uphold the pleading of unjust enrichment claims in the alternative to fraudulent transfer claims at the motion to dismiss stage, because the plaintiff could conceivably recover under one theory but not the other.  Judges Bernstein, Glenn (twice), and Stong have all reached this conclusion.  *See* Brief II, n. 330.  The cases cited in *Boston Generating*, none of which involved fraudulent transfer claims, stand merely for the proposition that dismissal is appropriate where the plaintiff cannot explain how the unjust enrichment claim is not duplicative of the other claim asserted.  Case law is clear that a claim is alternative and not duplicative if a plaintiff may fail on one but still prevail on the other, and Plaintiffs address in their opposition Brief II how they could conceivably fail on their fraudulent transfer claims but still succeed on unjust enrichment.  *See* Brief II at 84-85.

Sincerely,

*/s/ David M. Zensky*

David M. Zensky

cc:    All Counsel of Record (via email)