**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br>SEARS HOLDINGS CORPORATION,<br>*et al.*,<br>　　　　　　　　　　Debtors. | Chapter 11<br>Case No. 18-23538 (RDD)<br>Jointly Administered |
| Sears Holding Corp., et al.,<br>　　　　　　　　　　Plaintiffs,<br>　　　v.<br>Edward Scott Lampert, et al.,<br>　　　　　　　　　　Defendants. | Adversary Proceeding<br>No. 19-08250 (RDD) |
| Sears Holding Corp., et al.,<br>　　　　　　　　　　Plaintiffs,<br>　　　v.<br>Andrew H. Tisch, et al.,<br>　　　　　　　　　　Defendants. | Adversary Proceeding<br>No. 20-07007 (RDD) |

## CONSOLIDATION AND AMENDED SCHEDULING ORDER

Upon the *Plaintiffs' Memorandum of Law in Support of Their Motion to Consolidate Related Adversary Proceedings and Enter an Amended Scheduling Order*, dated February 3, 2021 (Case No. 19-08250 ECF No. 232; Case No. 20-07007 ECF No. 76) (the "Motion"),[1] filed by the

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

Plaintiffs in the above-captioned adversary proceedings (the "Plaintiffs") for entry of an order

consolidating the adversary proceeding captioned *Sears Holding Corp., et al. v. Edward Scott*

*Lampert, et al.*, Adv. Pro. No. 19-08250 (RDD) (Bankr. S.D.N.Y.) (the "First Action") with the

adversary proceeding captioned *Sears Holding Corp., et al. v. Andrew H. Tisch, et al.*, Adv. Pro.

No. 20-07007 (RDD) (Bankr. S.D.N.Y.) (the "Second Action"); and the Court having jurisdiction

to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and

1334(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and

due and proper notice of the relief sought in the Motion and the opportunity for a hearing thereon

having been provided in accordance with Local Rule 9006-1, and such notice having been adequate

and appropriate under the circumstances, and it appearing that no other or further notice need be

provided; and the Court having held a hearing to consider the relief requested in the Motion on

February 23, 2021 (the "Hearing"); and all parties having had the opportunity to meet and confer

following the Hearing in accordance with the directions provided by the Court at the Hearing; and

all parties having agreed to terms of the order set forth below; and upon the record of the Hearing,

and upon all the proceedings had before the Court; and the Court having determined that the legal

and factual bases set forth in the Motion establish just cause for the relief granted herein and that

such relief is in the best interests of all parties in that it will facilitate the prompt, economical, and

fair determination and resolution of the adversary proceedings; and after due deliberation and

sufficient cause appearing therefore,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted as set forth herein.

2.      The following related adversary proceedings are consolidated pursuant to Federal

Rule of Bankruptcy Procedure 7042:

| Abbreviated Case Name | Case Number |
|---|---|
| *Sears Holding Corp., et al. v. Edward Scott Lampert, et al.* | 19-08250 (RDD) |
| *Sears Holding Corp., et al. v. Andrew H. Tisch, et al.* | 20-07007 (RDD) |

The consolidated adversary proceedings shall be referred to herein as the "Consolidated Sears Action."

3.    A Master Docket and Master File are hereby established for the Consolidated Sears Action.  The Master Docket shall be *Sears Holding Corp., et al. v. Edward Scott Lampert, et al.*, Adversary Proceeding No. 19-08250 (RDD), and all future pleadings in the Consolidated Sears Action shall be filed therein.  Entries in the Master Docket shall be applicable to both cases in the Consolidated Sears Action.

4.    The following schedule shall govern discovery in the Consolidated Sears Action:

a.    Written discovery may be served by or on any party in the Second Action upon entry of this order.  All such discovery served by Plaintiffs shall be consistent with the representations made by Plaintiffs' counsel at the Hearing regarding the contemplated scope of discovery in the Second Action on the Second Action Defendants.  Written discovery may continue in the First Action, consistent with the orders of this Court previously entered in the First Action.

b.    Following agreement on the terms of, and execution of, the Document Sharing Stipulation (as such term is defined in the Motion) by the Plaintiffs, the First Action Defendants, and the Second Action Defendants, the Plaintiffs shall commence the delivery of documents produced in the First

3

Action prior to entry of this order to each Second Action Defendant within 24 hours of the execution of the Document Sharing Stipulation (as such term is defined in the Motion) by such defendant and shall use best efforts to complete the delivery of such documents as quickly as possible, and in any event, delivery to each Second Action Defendant is to be substantially completed by the Plaintiffs within five weeks of both (i) the execution of the Document Sharing Stipulation by that Second Action Defendant and (ii) that Second Action Defendant's provision to the Plaintiffs of all relevant contact information to initiate the transfer. All documents produced after entry of this order, whether by a party to the First Action, a party to the Second Action, or a third party shall promptly be made available to all parties to the Consolidated Sears Action who have executed the Document Sharing Stipulation.

c. The Plaintiffs and the First Action Defendants shall exchange lists of proposed deponents no later than 28 days from the date the Court issues an order deciding the last of the motions to dismiss in the First Action and the pending omnibus motions to dismiss in the Second Action (the "Exchange Date").

d. The Second Action Defendants shall provide lists of proposed deponents no later than 60 days from the date the Court issues an order deciding the last of the motions to dismiss in the First Action and the pending omnibus motions to dismiss in the Second Action.

4

e.  The parties shall conduct one or more meet-and-confers regarding fact depositions (the "Deposition Scheduling Conference") regarding, among other things, (i) the identity of deponents (aside from any deponents that the Second Action Defendants may later identify), (ii) the logistics for depositions, (iii) the length of depositions, (iv) a stipulation regarding conducting depositions by remote means, if necessary, and (v) a preliminary schedule for depositions.  The meet-and-confers must conclude within seven days of the Exchange Date, and the date of the Deposition Scheduling Conference shall be deemed to be the date on which the last of the meet-and-confers occurs.

f.  The disclosure required under Federal Rule of Civil Procedure 26(a)(1), made applicable by Fed. R. Bankr. P. 7026, shall be exchanged by the parties to the Second Action within 14 days of the Deposition Scheduling Conference.

g.  The parties may commence fact depositions beginning 45 days after the Deposition Scheduling Conference.

h.  While no further deadlines are being set at the present time, the parties shall seek to efficiently complete fact depositions.  The parties shall conduct meet-and-confers no later than 150 days from the Deposition Scheduling Conference regarding case deadlines for (i) the completion of fact discovery and (ii) expert discovery (the "Case Scheduling Conference") and report back to the Court with respect to proposed additional deadlines within one week of the Case Scheduling Conference (the "Interim Discovery Report").

The meet-and-confers must conclude within 150 days of the Deposition Scheduling Conference, and the date of the Case Scheduling Conference shall be deemed to be the date on which the last of the meet-and-confers occurs.

i.   On October 25, 2021 at 10:00 a.m., the Court shall conduct a conference (the "Discovery Status Conference") to address the issues contained in the Interim Discovery Report and any disputes related thereto, which disputes shall be raised in accordance with paragraph 4(j) herein.  At the Discovery Status Conference it is anticipated that further case deadlines will be established, and the Court will set a date for the Pre-Trial Conference described in Section 4(k) herein.

j.   Any dispute arising out of the Deposition Scheduling Conference or Case Scheduling Conference shall be raised via letter brief to the Court within one week after the parties reach an impasse after good faith negotiations. The letter brief to the Court may not exceed five pages, single spaced (excluding attachments).  Parties opposing any such relief shall file a responsive letter brief within one week, which shall not exceed five pages, single spaced (excluding attachments).  Copies of such letter briefs shall also be emailed to the Court's chambers.

k.   In advance of any trial, the parties shall conduct a pre-trial conference with the Court (the "Pre-Trial Conference") on a date to be determined at the Discovery Status Conference.  At the Pre-Trial Conference, the parties may raise any issues they deem appropriate in anticipation of trial, including

severance of any specific claims or parties, consistent with paragraph 6 of this order.

l. To the extent any of the aforementioned dates fall on a weekend or holiday, the date for compliance will be the next business day.

m. To the extent that this order is inconsistent with the scheduling order in the First Action entered on July 8, 2020 [First Action, ECF. No. 210], the amended scheduling order entered in the First Action on September 21, 2020 [First Action, ECF No. 219] and the further amended scheduling order entered in the First Action on November 18, 2020 [First Action, ECF No. 230], this order shall control.

n. Nothing in this order shall be deemed to require every defendant to participate in the Deposition Scheduling Conference, the Case Scheduling Conference, or in any deposition.

o. The deadlines set forth in the Stipulation and Order Regarding Extension of Time to Respond to Complaint and Preservation of Defenses filed in the Second Action [Second Action, ECF No. 19] shall continue to govern as to the deadlines contained therein.

5.      Plaintiffs shall not seek or be required to file an amended consolidated complaint simply as a consequence of the consolidation of the First and Second Actions.  This is without prejudice to Plaintiffs filing or seeking to file amended pleadings as may be agreed by the parties or approved by the Court.

6.      All parties shall retain whatever rights they would have possessed to seek severance of specific claims or parties if the two actions had been originally filed as a single action.  Without

limiting the foregoing, all parties in the First Action and Second Action also reserve all rights with

respect to trial or any case management matters not resolved by this order, including all rights to

seek (or oppose) withdrawal of the reference and whether any trial should occur in this Court or in

the District Court and whether the First Action and the Second Action should be severed for trial.

7.      The Court retains jurisdiction with respect to all matters arising from or related to

the implementation of this order.

8.      This order shall be effective immediately upon its entry.

Dated: White Plains, New York
       March 15, 2021

/s/Robert D. Drain
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE