# WILMERHALE

March 17, 2021

**Philip D. Anker**

+1 212 230 8890 (t)
+1 212 230 8888 (f)
philip.anker@wilmerhale.com

**VIA ELECTRONIC MAIL & ECF**

Hon. Robert D. Drain
United States Bankruptcy Court
Southern District of New York
United States Courthouse
300 Quarropas Street
White Plains, New York 10601-4150

Re: *Sears Holdings Corp., et al. v. Lampert, et al.*, Adv. Proc. No. 19-08250 (RDD)

Dear Judge Drain:

      We write to respond to the letter submitted on March 16 by Mr. Zensky regarding the amicus brief filed by the Office of the Solicitor General (the "S.G. Brief") in the *Tribune II* case pending on petition for *certiorari* in the Supreme Court. As the letter correctly notes, the Solicitor General's Office recommends that the Court deny *certiorari*. (We understand that the petition is now expected to be distributed to the Justices by March 31, 2021, and to be set for a conference of the Justices on April 16, 2021.)

      Beyond that, the letter makes assertions about the amicus brief that are both irrelevant and inaccurate. They are irrelevant because the decision of the Second Circuit in *Tribune II* is binding in this case, not the position of the Solicitor General's Office. And, even if that were not the case, the letter misstates what the brief says. The Solicitor General's Office did not "advise" that the Second Circuit had "completely misapplied the Section 546(e) safe harbor, including its decision as to the definition of 'financial institution.'" Letter at 1. Rather, it raised "question[s]" regarding this issue of statutory construction, without taking a position as to how those questions might properly be answered. *See* S.G. Br. at 7. And while the Solicitor General's Office did take the position that the Second Circuit was mistaken in its additional holding that Section 546(e) preempted the state-law fraudulent transfer claims asserted by Tribune's creditors, *id.*, that issue is not presented in this case, where the Sears bankruptcy estates (not their creditors) have sued under the Bankruptcy Code (not state law).

      Mr. Zensky's letter repeats the argument previously made by Plaintiffs that this Court should deny the motion to dismiss the fraudulent transfer claims directed at the Seritage Rights[1] so that Plaintiffs can take discovery regarding the precise actions taken by Computershare Trust

---

[1] All capitalized terms not otherwise defined in this letter shall have their respective meanings as set forth in the ESL Defendants' Motion to Dismiss Regarding The First Amended Complaint, Dkt. No. 105 (Feb. 21, 2020) (the "ESL Motion").

WILMERHALE

Hon. Robert D. Drain
March 17, 2021
Page 2

Company, N.A., as distinguished from Computershare, Inc. The letter's description of the import of the document discovery obtained to date is not correct, in our view. But, in any event, the letter does not address the key points for purposes of the motion to dismiss any more than Plaintiffs' prior submissions: In *Tribune II*, the Second Circuit dismissed the fraudulent transfer claims as a matter of law without permitting any fact discovery, *see In re Tribune Co. Fraudulent Conveyance Litig.*, 946 F.3d 66, 79 (2d Cir. 2019), even though the relevant agreement in that case also involved two Computershare entities, Computershare Trust Company, N.A., and an affiliate that was not itself a bank or trust company. That made sense because the Bankruptcy Code defines a "financial institution" to include the customer of a bank or trust company that acted as "agent" of the customer "in connection with a securities contract"—irrespective of whether that agent was the only (or primary) agent or whether the agent took some particular action. 11 U.S.C. § 101(22). Thus, in *Tribune II*, as in this case, it did not matter which Computershare entity did precisely what, because both had been retained to act as agent "in connection with" a "securities contract." And, in any event, there is an additional basis for dismissal of the fraudulent transfer claims relating to the Seritage Rights here that does not turn at all on Section 546(e) or *Tribune II*—that the issuance of those rights did not entail any transfer of property of the Debtors' estates. *See* ESL Mot., at 12-18.

Respectfully submitted,

 */s/ Philip D. Anker*

Philip D. Anker
WILMER CUTLER PICKERING
  HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, New York 10007
(212) 230-8800

*Attorneys for Edward S. Lampert, ESL Investments, Inc., RBS Partners LP, SPE Master I LP, ESL Partners LP, SPE I Partners LP, RBS Investment Management LLC, ESL Institutional Partners LP, ESL Investors LLC, JPP LLC, and JPP II LLC*

cc. All Counsel of Record (via email)