UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>SEARS HOLDINGS CORP., *et al.*,<br><br>                      Debtors. | Chapter 11<br><br>Case No. 18-23538 (RDD)<br><br>(Jointly Administered) |
| *Sears Holdings Corporation*, et al.<br><br>                      Plaintiffs,<br>vs.<br><br>*Edward Scott Lampert*, et al.,<br><br>                      Defendants. | |
| *Sears Holdings Corporation*, et al.<br><br>                      Plaintiffs,<br>vs.<br><br>*Andrew H. Tisch*, et al.,<br><br>                      Defendants. | Consolidated at<br>Adv. Pro. 19-08250 (RDD) |

**STIPULATION AND PROTECTIVE ORDER CONCERNING
PRODUCTION OF DOCUMENTS TO SECOND ACTION DEFENDANTS**

This Stipulation and Protective Order (the "Stipulation and Order") is entered into by and among the following: (i) the plaintiffs (the "First Action Plaintiffs") in the proceeding titled *Sears Holding Corp., et al. v. Edward Scott Lampert, et al.*, Adv. Pro. No. 19-08250 (RDD) (Bankr. S.D.N.Y.) (the "First Action") pending in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"); (ii) the plaintiffs (the "Second Action Plaintiffs") in the proceeding titled *Sears Holding Corp., et al. v. Andrew H. Tisch, et al.*, Adv. Pro. No. 20-

07007 (RDD) (Bankr. S.D.N.Y.) (the "Second Action") pending in the Bankruptcy Court; (iii) the undersigned individuals and/or entities named as defendants in the First Action (the "First Action Defendants"); and (iv) the undersigned individuals and/or entities named as defendants in the Second Action (the "Second Action Defendants," and collectively with the First Action Plaintiffs, the Second Action Plaintiffs, and the First Action Defendants, the "Parties," or individually, a "Party").

WHEREAS, on October 15, 2018, Sears Holdings Corporation ("Sears Holdings") and various affiliated entities (collectively, the "Debtors") filed bankruptcy petitions pursuant to Chapter 11 of the U.S. Bankruptcy Code (the "Chapter 11 Cases");

WHEREAS, shortly after the commencement of the Chapter 11 Cases, the Restructuring Subcommittee of the Restructuring Committee of the Sears Holdings Board of Directors (the "Restructuring Subcommittee") and the Official Committee of Unsecured Creditors (the "Creditors' Committee") commenced examinations pursuant to Federal Rule of Bankruptcy Procedure 2004 ("Rule 2004") concerning certain prepetition related-party transactions (the "Rule 2004 Investigation");

WHEREAS, on December 7, 2018, the Court entered an Amended Stipulated Protective Order at ECF No. 1084 in the Chapter 11 Cases, governing production of confidential and highly confidential documents, information, and other materials in connection with the Rule 2004 Investigation, a true and correct copy of which is attached as Exhibit 1 (the "Rule 2004 Protective Order");

WHEREAS, in connection with the Rule 2004 Investigation, the Restructuring Subcommittee and the Creditors' Committee collected documents from the Debtors and various third parties and conducted 12 in-person interviews of representatives of the Debtors and various

2

third parties, much of which was designated as confidential and/or highly confidential information pursuant to the Rule 2004 Protective Order (collectively, the "Rule 2004 Discovery");

WHEREAS, on November 25, 2019, the First Action Plaintiffs filed the First Amended Complaint in the First Action;

WHEREAS, on March 6, 2020, the parties to the First Action entered into a stipulation, a true and correct copy of which is attached as Exhibit 2, setting forth the terms and conditions upon which they would produce certain documents that they contended were otherwise protected from disclosure by one or more privilege doctrines (the "Privilege Stipulation");

WHEREAS, on June 4, 2020, the parties to the First Action entered into a protective order governing production of confidential and highly confidential documents, information, and other materials in connection with the First Action, which was approved and entered by the Court on June 8, 2020 at ECF No. 172 in the First Action, a true and correct copy of which is attached as Exhibit 3 (the "First Action Protective Order" and together with the Rule 2004 Protective Order, the "Protective Orders");

WHEREAS, the First Action Protective Order supersedes the Rule 2004 Protective Order and governs Rule 2004 Discovery that was either (i) produced by a party to the First Action or (ii) produced by any other party if such party agrees that the First Action Protective Order supersedes the Rule 2004 Protective Order and governs the materials it produced in connection with Rule 2004 Discovery;

WHEREAS certain parties and non-parties to the First Action have produced documents, information, and other materials in connection with the First Action, much of which has been designated as confidential and/or highly confidential (the "First Action Discovery");

3

WHEREAS, on August 12, 2020, the First Action Plaintiffs and the First Action Defendants entered into a stipulation, a true and correct copy of which is attached as Exhibit 4 (the "Transform Stipulation"), pursuant to which the First Action Plaintiffs agreed, subject to the terms, conditions and reservations of rights provided therein, to make available to the First Action Defendants certain documents and communications provided by Transform Holdco LLC ("Transform," and the "Transform Documents") to the First Action Plaintiffs;[1]

WHEREAS, on October 12, 2020, the First Action Plaintiffs and the First Action Defendants entered into a stipulation, a true and correct copy of which is attached as Exhibit 5 (the "Cattonar/Naamani Stipulation"), pursuant to which certain First Action Defendants affiliated with Seritage Growth Properties, Inc. agreed to produced certain documents and communications to the parties to the First Action subject to the terms, conditions and reservations of rights provided therein (the "Cattonar/Naamani Documents");

WHEREAS, the First Action Plaintiffs represent that they have made available to the First Action Defendants all the Rule 2004 Discovery, Debtor Materials or Director Materials (each as defined in the Privilege Stipulation), First Action Discovery, Transform Documents, and Cattonar/Naamani Documents in their possession and continue to provide the First Action Defendants with such materials on an ongoing basis as such materials are received by the First Action Plaintiffs (collectively, the "Discovery Repository"); and

WHEREAS, the Parties wish to provide the Second Action Defendants with access to all of the materials contained in the Discovery Repository, provided that the Second Action

---

[1] For avoidance of doubt, the Transform Documents include only those documents that have been or will be made available by the First Action Plaintiffs to the First Action Defendants in accordance with the terms of the Transform Stipulation and not the entirety of the documents received by the First Action Plaintiffs from Transform.

4

Defendants agree to be bound by all the same terms and conditions upon which the those materials were originally produced and/or made available as described in these recitals;

NOW, THEREFORE, for and in consideration of the covenants, representations, and obligations set forth in this Stipulation and Order, each of the Parties, intending to be bound, agrees as follows:

1. The Second Action Plaintiffs shall provide the Second Action Defendants access to all of the materials contained in the Discovery Repository.

2. Subject to the revisions as set forth herein, with respect to Rule 2004 Discovery produced pursuant to the Rule 2004 Protective Order that has not been superseded by the First Action Protective Order, each Second Action Defendant agrees to be fully bound by the Rule 2004 Protective Order, to comply with all terms thereof, and to execute Exhibit A thereto.

3. Subject to the revisions as set forth herein, with respect to First Action Discovery produced pursuant to the First Action Protective Order and all Rule 2004 Discovery produced pursuant to the Rule 2004 Protective Order that has been superseded by the First Action Protective Order, each Second Action Defendant agrees to be fully bound by the First Action Protective Order, to comply with all terms thereof, and to execute Exhibit A thereto.

4. The First Action Plaintiffs and First Action Defendants agree and acknowledge that the references to the "Adversary Proceeding" contained in Paragraphs 1, 2, 3, 8, 9(a), 9(f), 9(g), 9(h), 9(i), 10(b), 10(c), 10(h), 10(i), 10(j), 10(k), 28, 29, 30, 31, 35, and 36 of the First Action Protective Order are hereby expanded to refer and apply to both the First Action and the Second Action, and that the references to "Adversary Proceeding Party" or "Adversary Proceeding Parties" contained in Paragraphs 1, 10(b), and 10(c) of the First Action Protective Order, as well

5

as in the new Paragraph 9(k) of the First Action Protective Order (as described in § 7 herein), are hereby expanded to refer and apply to all Parties to this Stipulation and Order.

5. All parties to this Stipulation and Order agree and acknowledge that notwithstanding the language of the Rule 2004 Protective Order, an entity may arrange for Exhibit A of the Rule 2004 Protective Order to be executed by a single signatory for that entity, on behalf of all persons employed by or associated with that entity.

6. For the avoidance of doubt, all parties agree that all "Non-Discovery Material" (as defined in the Protective Orders) shall not be subject to Sections 28 and 31 of the Rule 2004 Protective Order, or Sections 30 and 33 of the First Action Protective Order.

7. Section 9 of the First Action Protective Order is hereby amended for the insertion of two additional sub-clauses, which shall exist as new sub-clauses 9(k) and 9(l) respectively, as follows:

> "(k) any Adversary Proceeding Party who has signed Exhibit A; and
> (l) any other persons specified in Paragraph 10 below."

8. Section 10 of each of the Protective Orders are hereby amended for the insertion of an additional sub-clause, which shall state: "in-house legal counsel, or its effective equivalent, for any Party that has executed Exhibit A, provided that advance notice shall be given to the Producing Party of the specific Highly Confidential Materials to be shared with in-house legal counsel or its effective equivalent, and the Producing Party does not object within three (3) business days." This additional sub-clause shall exist as new sub-clause 10(k) on the Rule 2004 Protective Order, and new sub-clause 10(m) on the First Action Protective Order.

9. With respect to the Transform Documents, the Second Action Defendants agree to be fully bound by the Transform Stipulation and to comply with all terms thereof, except as otherwise described in this provision. The First Action Plaintiffs and First Action Defendants agree

and acknowledge that Paragraph 6 of the Transform Stipulation is hereby expanded to allow for use of Transform Documents in connection with the Second Action in addition to the First Action. For the avoidance of doubt, the First Action Plaintiffs and the Second Action Plaintiffs agree and acknowledge that notwithstanding Paragraphs 5 and 13 of the Transform Stipulation, the Second Action Defendants are permitted to request the production of the entirety of the documents received by the First Action Plaintiffs from Transform. The Second Action Defendants agree and acknowledge that (i) any follow-up request shall be limited solely to the entirety of the documents received by the First Action Plaintiffs from Transform and not any subsets thereof, and (ii) they shall not ask, demand, or require that the First Action Plaintiffs or Second Action Plaintiffs search for and produce any documents received by the First Action Plaintiffs from Transform in response to document requests served in this matter. The First Action Plaintiffs and the Second Action Plaintiffs further agree and acknowledge that they may not object to any such requests by the Second Action Defendants on the grounds that such information was already produced to, or was not produced to, the First Action Defendants.

10. With respect to the Cattonar/Naamani Documents, the Second Action Defendants agree to be fully bound by the Cattonar/Naamani Stipulation and to comply with all terms thereof. The First Action Plaintiffs and First Action Defendants agree and acknowledge that Paragraph 6 of the Cattonar/Naamani Stipulation is amended to allow for use of Cattonar/Naamani Documents in connection with the Second Action in addition to the First Action.

11. Each Second Action Defendant (i) agrees and acknowledges that certain parties to the First Action produced, subject to the Privilege Stipulation, certain documents that the producing party otherwise contended were protected from disclosure by one or more privilege

7

doctrines and (ii) agrees to be bound by the terms and conditions of the Privilege Stipulation as if an original party thereto.

12. Defendants in the Second Action who are not signatories to this Stipulation and Order may be made party to this Stipulation and Order by execution and delivery of a signature page agreeing to be fully bound by the terms and provisions of this Stipulation and Order.

**IT IS SO STIPULATED:**

Dated: April 21, 2021

By: */s/ David M. Zensky*
AKIN GUMP STRAUSS HAUER & FELD LLP
David M. Zensky
Joseph L. Sorkin
Dean L. Chapman Jr.
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
Emails: dzensky@akingump.com
jsorkin@akingump.com
dchapman@akingump.com

*Counsel to the Plaintiffs in the First Action (as to all First Action Defendants except the Cyrus Defendants)*

By: */s/ Sean E. O'Donnell*
HERRICK, FEINSTEIN LLP
Sean E. O'Donnell
Christopher W. Carty
Jason D'Angelo
2 Park Avenue
New York, New York 10016
Telephone: (212) 592-1400
Facsimile: (212) 592-1500
Emails: sodonnell@herrick.com
ccarty@herrick.com
jdangelo@herrick.com

*Counsel to the Plaintiffs (as to the Cyrus Defendants)*

By: */s/ Joseph L. Steinfeld Jr.*
ASK LLP
Joseph L. Steinfeld, Jr., Esq.,
Brigette G. McGrath, Esq.,
Kara E. Casteel, Esq.
Richard J. Reding, Esq.
2600 Eagan Woods Drive, Suite 400
St. Paul, MN 55121
Telephone: (651) 406-9665
Fax: (651) 406-9676
Emails: jsteinfeld@askllp.com
bmcgrath@askllp.com
kcasteel@askllp.com
rreding@askllp.com

*Counsel to Plaintiffs in the Second Action*

By: */s/ Philip D. Anker*
WILMER CUTLER PICKERING HALE AND DORR LLP
Philip D. Anker
Noah A. Levine
Ryanne E. Perio
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Telephone: (212) 230-8800
Facsimile: (212) 230-8888
Emails: philip.anker@wilmerhale.com
noah.levine@wilmerhale.com
ryanne.perio@wilmerhale.com

*Counsel to Edward Lampert and the ESL Defendants*

By: */s/ Jeffrey A Ritholz*
CRAVATH, SWAINE & MOORE
Jeffrey A. Ritholtz
Wes Earnhardt
Evan Chesler
Worldwide Plaza
825 8th Ave.
New York, NY 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700
Emails: jritholtz@cravath.com
wearnhardt@cravath.com
echesler@cravath.com

*Counsel to Ann N. Reese; Paul DePodesta; and William C Kunkler III*

By: */s/ Sidney P. Levinson*
DEBEVOISE & PLIMPTON LLP
Sidney P. Levinson
Joshua E. Roberts
Erica S. Weisgerber
919 Third Avenue
New York, New York 10022
(212) 909-6000
Emails: slevinson@debevoise.com
jeroberts@debevoise.com
eweisgerber@debevoise.com

*Counsel to Cascade Investment, LLC*

By: */s/ Courtney A. Solomon*
JOSEPH HAGE AARONSON LLC
Gregory P. Joseph
Rachel M. Cherington
Courtney A. Solomon
485 Lexington Avenue, 30th Floor
New York, NY 10017
Telephone (212) 407-1210
Facsimile: (212) 407-1280
Emails: gjoseph@jha.com
rcherington@jhany.com
csolomon@jhany.com

*Counsel to Cesar L. Alvarez*

By: */s/ Andrew J. Frackman*
O'MELVENY & MYERS LLP
Andrew J. Frackman
Daniel S. Shamah
Brad M. Elias
Lauren M. Wagner
7 Times Square
New York, NY 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061

*Counsel to Thomas Tisch, the Thomas J. Tisch 1994 Issue Trust, and Benefit Street 2018, LLC*

By: */s/ Mark J. Hyland*
SEWARD & KISSEL LLP
Mark J. Hyland
Thomas Ross Hooper
Noah S. Czarny
Robert J. Gayda
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 574-1200
Facsimile: (212) 480-8421
Emails: hyland@sewkis.com
hooper@sewkis.com
czarny@sewkis.com
gayda@sewkis.com

*Counsel to Bruce Berkowitz and the Fairholme Defendants*

By: */s/ Elliot Moskowitz*
DAVIS POLK & WARDWELL LLP
Elliot Moskowitz
Anat Jordana Schraub
Victor Obasaju
450 Lexington Avenue
New York, NY 10017
Emails: elliot.moskowitz@davispolk.com
anat.schraub@davispolk.com
victor.obasaju@davispolk.com

- and -

PARSONS MCENTIRE MCCLEARY PLLC

Sawnie McEntire
Robert Rosen (pro hac vice pending)
1700 Pacific Ave.
Ste. 4400
Dallas, TX 75201
Telephone: (214) 237-4300
Facsimile: (214) 237-4340
Emails: smcentire@pmmlaw.com
rrosen@pmmlaw.com

*Counsel to Cushman & Wakefield, Inc.*

By: */s/ Robert Liubicic*
MILBANK
Tom Kreller
Robert Liubicic
Jerry Marks
Eric Reimer
2029 Century Park East
33rd Floor
Los Angeles, CA 90067
Emails: tkreller@milbank.com
rliubicic@milbank.com
jmarks@milbank.com
ereimer@milbank.com

*Counsel to the Cyrus Defendants*

10

By: */s/ Timothy Farrell*
ROPES & GRAY
Timothy Farrell
191 North Upper Wacker Dr.
32nd Floor
Chicago, IL 60606
Telephone: (312) 845-1200
Facsimile: (312) 845-5500
Email: timothy.farrell@ropesgray.com

- and -

Andrew Devore
Prudential Tower
800 Boylston Street
Boston, MA 02199
(617) 951-7000
(617) 951-7050
Email: andrew.devore@ropesgray.com

*Counsel to Duff & Phelps, LLC*

By: */s/ Michelle Rice*
KAPLAN RICE
Michelle Rice
Howard Kaplan
142 West 57th Street
Suite 4A
New York, NY 10019
Telephone: (212) 235-0300
Emails: mrice@kaplanrice.com
hkaplan@kaplanrice.com

*Counsel to Joseph Jordan, Lawrence Meerschaert, and Leena Munjal*

By: */s/ Matthew Gurgel*
HOLWELL SHUSTER & GOLDBERG LL
Michael S. Shuster
Vincent Levy
Matthew Gurgel
425 Lexington Avenue
New York, New York 10017
Telephone: (646) 837-5151
Facsimile: (646) 837-5150
Emails: mshuster@hsgllp.com
vlevy@hsgllp.com
mgurgel@hsgllp.com

*Counsel to Kunal Kamlani*

By: */s/ Chris Gair*
GAIR EBERHARD NELSON DEDINAS LTD
Chris Gair
Jeffrey S. Eberhard
1 E. Wacker Drive, Suite 2600
Chicago, IL 60601
Telephone: (312) 600-4900
Emails: cgair@gairlawgroup.com
jeberhard@gairlawgroup.com

*Counsel to Robert Reicker, Robert Schriesheim, and Scott Huckins*

| | |
|---|---|
| By: */s/ Scott B. Luftglass* | By: */s/ Brian D. Glueckstein* |
| FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP | SULLIVAN & CROMWELL LLP |
| Brad Eric Scheler | Robert A. Sacks |
| Scott B. Luftglass | Brian D. Glueckstein |
| Michael C. Keats | 125 Broad Street |
| One New York Plaza | New York, NY 10004 |
| New York, New York 10004-1980 | (212) 558-4000 |
| Telephone: (212) 859-8000 | (212) 558-3588 |
| Emails: brad.eric.scheler@friedfrank.com | Emails: sacksr@sullcrom.com |
| scott.luftglass@friedfrank.com | gluecksteinb@sullcrom.com |
| michael.keats@friedfrank.com | |
| *Counsel to the Seritage Defendants* | *Counsel to Steven Mnuchin* |

By: */s/ Sabin Willett*
   MORGAN, LEWIS & BOCKIUS LLP
   Sabin Willett *(pro hac vice)*
   Julia Frost-Davies *(pro hac vice)*
   One Federal Street
   Boston, Massachusetts 02110
   Telephone: (617) 341-7700
   Facsimile: (617) 341-7701
   Emails: sabin.willett@morganlewis.com
   julia.frost-davies@morganlewis.com

*Counsel to the Non-Insider Defendants in the Second Action*

By: */s/ Joseph T. Kelleher*
   STRADLEY RONON STEVENS
   & YOUNG, LLP
   Joseph T. Kelleher *(admitted pro hac vice)*
   2005 Market Street, Suite 2600
   Philadelphia, PA 19103
   Telephone:  (215) 564-8034
   Facsimile:  (215) 564-8120
   Email:  jkelleher@stradley.com

*Counsel for the Defendants identified as Dimensional Funds plc – Global Targeted Value Fund and DFA Investment Dimensions Group, Inc.*

By: */s/ Joel W. Sternman*
   KATTEN MUCHIN ROSENMAN LLP
   Joel W. Sternman
   575 Madison Avenue
   New York, NY 10022-2585
   Telephone: (212) 940-7060
   Email: j.sternman@katten.com

*/s/ Brian J. Poronsky*
KATTEN MUCHIN ROSENMAN LLP
Brian J. Poronsky *(admitted pro hac vice)*
Shannon C. Gross *(admitted pro hac vice)*
525 West Monroe Street
Chicago, Illinois 60661
Telephone: (312) 902-5200
Email: Brian.poronsky@katten.com
Email: Shannon.gross@katten.com

*Attorneys for Defendants GF Trading LLC, RIEF RMP LLC, RIEF Trading LLC and HAP Trading LLC*

By: */s/ Robert T. Honeywell*

  CURTIS, MALLET-PREVOST,
  COLT & MOSLE LLP
  Robert T. Honeywell
  Peter J. Buenger
  John D. Molino
  Curtis, Mallet-Prevost,
    Colt & Mosle LLP
  101 Park Ave.
  New York, NY 10178
  Telephone: (212) 696-6000
  Facsimile: (212) 697-1559
  E-Mail: rhoneywell@curtis.com
       pbuenger@curtis.com
       jmolino@curtis.com

*Attorneys for Horizon Spin-Off and Corporate Restructuring Fund, Kinetics Portfolio Trust, Luma Capital S.A. - SPF, Prescott Associates L.P., Prescott General Partners LLC, Prescott International Partners L.P., and Prescott Investors, Inc.*

\* \* \*

**THE FOREGOING STIPULATION IS SO ORDERED:**

Dated: White Plains, New York
       April __, 2021

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE